ORIGINAL

FILED
JAN 28 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

HOMESOURCE REAL ESTATE ASSET SERVICES, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

08-64 C

CoFC No._____

**BID PROTEST**

## COMPLAINT FOR INJUNCTIVE RELIEF

**COMES NOW** the HomeSource Real Estate Asset Services, Inc. ("HomeSource"), by and through undersigned counsel, and hereby protests the United States Department of Housing and Urban Development's ("HUD's") Request for Proposals ("RFP") for Single Family Home Marketing & Management ("M&M") Services in Ohio and Michigan. HOMESOURCE files this action in order to object to HUD's failure to comply in this procurement with the requirements of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253.

Specifically, HUD's proposed procurement violates the CICA because the agency has restricted the competition to a few current M&M contractors, thereby partially excluding HomeSource, in addition to other bidders, from responding to the RFP. HUD's exclusion of HomeSource from bidding on the totality of this procurement is arbitrary and capricious because HomeSource is being treated differently from similarly situated offerors. Also HUD has not properly justified this limitation on competition and any need for the restricted competition is based on HUD's failure to properly plan or manage

these services. Furthermore, HUD has improperly engaged in discussions with some offerors but not HomeSource in violation of FAR Part 15. Because the agency's actions are arbitrary and capricious and contrary to the law, HomeSource respectfully requests a hearing on its request for equitable relief at the earliest possible time.

By this filing, and the accompanying Motion for Preliminary Injunction, HomeSource seeks an order enjoining the Government from taking the actions described above, or, in the alternative, enjoining HUD from conducting a competition for these services without including HomeSource. Finally, HomeSource also seeks its attorney's fees and its costs in bringing this action.

**Parties**

1. Plaintiff HomeSource is small corporation organized under the laws of the state of Maryland. HomeSource is in the business of real estate marketing and property management services. HOMESOURCE is the incumbent contractor for similar services in the state of Maryland and the District of Columbia.

2. The Defendant is the United States of America acting through the Department of Housing and Urban Development.

**Jurisdiction**

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491.

**Factual Background**

4. On or about October 14, 2004, HomeSource was awarded Contract No. C-PHI-00909 by the U.S. Department of Housing and Urban Development ("HUD") to provide single family home Management and Marketing Services in Maryland and the

District of Columbia. Under this contract HomeSource maintains the inventory of HUD-owned foreclosed homes and markets these properties to the general public.

5. Approximately 20 other contractors provide similar services under the same contract terms to HUD in other areas or regions of the country. For example, a company named Chapman Law Firm ("CLF") performs the same services for HUD in Ohio and Michigan.

6. Apparently, on Friday December 28, 2007, CLF was told that the option to renew its contract was not being exercised. CLF informed HomeSource of this fact in early January 2008. HomeSource also learned from other sources that HUD intended to only allow the existing pool of M&M contractors to compete for the M&M services in Ohio and Michigan.

7. When HomeSource learned about HUD's new procurement, it contacted HUD to inquire and seek permission to bid on the new procurement. HUD informed HomeSource that HUD was splitting the Ohio/Michigan region in two and that the offerors were only permitted to bid on one state.

8. HomeSource subsequently received an invitation to submit a proposal to provide M&M services in Ohio. HomeSource timely submitted its proposal on January 18, 2008.

9. Subsequently, on or about January 25, 2008, HomeSource learned from other contractors that other offerors were permitted to submit proposals on both Ohio and Michigan, and that HUD was engaging in discussions with other offerors concerning their proposals. HUD has had no discussions with HomeSource concerning the Protester's proposal.

**Count I**

(Violation of the Terms of 41 U.S.C. § 253)

10. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 9 above.

11. The Competition in Contracting Act requires Government agencies to promote full and open competition in seeking proposals for supplies and services. See 48 C.F.R. § 6.101.

12. HUD is violating the CICA by only allowing HomeSource to bid for the M&M services in Ohio, while allowing other offerors to bid for services in both Ohio and Michigan.

13. HUD has failed to make the proper determinations and provided its justification for excluding HomeSource and others as required by 48 C.F.R., §§ 6.2 - 6.303-1. Rather, the record is clear that HUD proceed with the subject procurement without advance planning or forethought.

**Count II**

(HUD's Violation of 48 CFR § 15.306)

14. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 13 above.

15. The Federal Acquisition Regulation ("FAR") provides that, when an agency conducts discussions with one offeror, it must conduct discussions with all offerors whose proposals are determined to be in the competitive range, and it must then allow them to submit revised proposals.

16. Despite the clear requirements of the FAR, HUD is conducting discussions with some offerors, but not with HomeSource.

**Count III**

(HUD's Violation of its Implied Duty of Good Faith and Fair Dealing)

17. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 16 above.

18. By its arbitrary and capricious decision to ignore the clear requirements of CICA and the FAR, HUD has breached its duty of good faith and fair dealing it owed to HomeSource as a proposed offeror under the procurement.

19. Based on these circumstances HUD's actions are not justified and the Plaintiff's protest should be sustained.

**Relief Requested**

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests that this Court issue an order

1. Enjoining HUD from excluding HomeSource from competing for the M&M services in Michigan;
2. that HomeSource be permitted to submit a proposal for the M&M services in Michigan;
3. Enjoining HUD from having discussions with some bidders, but not with HomeSource;
4. Or in the alternative enjoining HUD from employing the funds obligated to the performance of any contract awarded under the solicitation to any entity other than HomeSource.
5. Awarding HomeSource reasonable costs and attorneys' fees; and
6. Such further relief as is determined to be just and fair.

Respectfully submitted,

Kathy C. Potter

Kathy C. Potter
Benton & Potter, P.C.
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
(202) 416-1660
(202) 330-5487 facsimile

Janine S. Benton
Benton & Potter, PC
150 S. Washington St
Suite 202
Falls Church, VA 22046
(703) 992-9255
(703) 832-0211 facsimile

Counsel for Plaintiff HomeSource Real Estate Asset Services, Inc.