**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| HOMESOURCE REAL ESTATE ASSET SERVICES, INC. | 08-64 C |
| Plaintiff, | |
| v. | CoFC No._____ |
| | **BID PROTEST** |
| THE UNITED STATES | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

**COMES NOW** the HomeSource Real Estate Asset Services, Inc. ("HomeSource"), by and through its undersigned counsel, and hereby protests the United States Department of Housing and Urban Development's ("HUD's") Request for Proposals for Single Family Home Marketing & Management ("M&M") Services in Ohio and Michigan. HOMESOURCE seeks injunctive relief to enjoin HUD from proceeding with the proposed procurement because it violates the requirements of the Competition in Contracting Act ("CICA"), 41 U.S.C. § 253.

Specifically, HUD's proposed procurement violates the CICA because the agency has restricted the competition to only a few current M&M contractors, thereby partially excluding HomeSource from the competition, as well as other potential offerors. HUD's exclusion of HomeSource from bidding on the totality of this procurement is arbitrary and capricious because HomeSource is being treated differently from similarly situated offerors. In addition, HUD has not properly justified this limitation on competition and any need for the restricted competition is based on HUD's failure to properly plan or manage these services. Furthermore, HUD has

improperly engaged in discussions with some offerors, but not HomeSource, in violation of FAR Part 15. Because the agency's actions are arbitrary and capricious and contrary to the law, HomeSource respectfully requests a hearing on its request for injunctive relief at the earliest possible time.

By this filing, and the accompanying Complaint for Injunctive and Declaratory Relief, HomeSource seeks an order enjoining the Government from taking the actions described above, or in the alternative, enjoining HUD from conducting a competition for these services without including HomeSource. Finally, HomeSource also seeks its attorneys' fees and its costs in bringing this action.

## I. Questions Presented

1. Is HUD's partial exclusion of HomeSource from this procurement arbitrary and capricious?

2. Is HUD's holding of discussions with some offerors but not HomeSource in error and arbitrary and capricious?

3. Do HUD's actions violate the CICA?

## II. Statement of the Case

On or about October 14, 2004, HomeSource was awarded Contract No. C-PHI-00909 by the U.S. Department of Housing and Urban Development ("HUD") to provide single family home Management and Marketing Services in Maryland and the District of Columbia. Under this contract, HomeSource maintains the inventory of HUD-owned foreclosed homes and markets these properties to the general public.

Approximately 20 other contractors provide similar services under the same contract terms to HUD in other areas or regions of the country. For example, a company named Chapman Law Firm ("CLF") performs the same services for HUD in Ohio and Michigan.

Apparently, on Friday December 28, 2007, CLF was told that the option to renew its contract was not being exercised. CLF informed HomeSource of this fact in early January 2008. HomeSource also learned from other sources that HUD intended to allow only the existing pool of M&M contractors to compete M&M services in Ohio and Michigan.

When HomeSource learned about HUD's new procurement, it contacted HUD to inquire and seek permission to bid on the new procurement. HUD informed HomeSource that HUD was splitting the Ohio/Michigan region in two and that the offerors were only permitted to bid on one state. HomeSource subsequently received an invitation to submit a proposal to provide M&M services in Ohio. HomeSource timely submitted its proposal on January 18, 2008.

Subsequently, on or about January 25, 2008, HomeSource learned from other contractors that other offerors were permitted to submit proposals for both Ohio and Michigan, and that HUD was engaging in discussions with other offerors concerning their proposals. HUD has had no discussions with HomeSource concerning the Protester's proposal.

## III. Argument

HomeSource is entitled to injunctive relief because it can more than adequately demonstrate (1) a likelihood of success on the merits; (2) it will suffer irreparable harm; (3) the harm to it outweighs the harm to HUD; and (4) the public interest is served by enjoining HUD. Hospital Klean of Texas, Inc. . United States of America, 65 Fed. Cl. 618 (2005); SDS

International, Inc. v. United States, 55 Fed. Cl. 363 (2003); Cincom Systems, Inc. v. United States, 37 Fed. Cl. 266 (1997).

**A. Likelihood of Success on the Merits**

HomeSource can demonstrate a likelihood of success on the merits because HUD's partial exclusion of HomeSource from the competition and its discussions with some offerors, but not HomeSource, is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 28 U.S.C. § 1491(b)(4); 5 U.S.C. § 706(2)(A). HUD's refusal to follow the clear mandates of the law for full and open competition is egregious and it should be enjoined from continuing to operate outside the law.

**1. HUD has Improperly Limited the Competition**

The Competition in Contracting Act requires Government agencies promote full and open competition in seeking proposals for supplies and services. See 48 C.F.R. § 6.101. By excluding HomeSource from bidding on the M&M services in Michigan, HUD has violated this mandate. Moreover, has failed to identify or make a determination that any circumstances exists that would permit other than full and open competition or to provide a written justification as required by 48 C.F.R. §§ 6.200 - 6.305. It is clear from the record that HUD decided that it no longer desired to procure these services from the incumbent contractor, did not exercise its option, and proceeded without advance planning or forethought.

An agency may use procedures other than competitive procedures only when the agency's need for the property or services is of such an unusual and compelling urgency that the Government would be seriously injured unless the agency is permitted to limit the number of sources from which it solicits bids or proposals. 41 U.S.C. § 253(c)(2); 48 C.F.R. § 6.302-

2(a)(2). This exception only allows an agency to "limit the number of sources," so that an agency may not simply ignore the potential for competition. See SOS Int'l Ltd., B-296984 *et. al.*, Nov. 14, 2005, 2005 CPD ¶ 206. In addition, CICA provides that under no circumstances may noncompetitive procedures be used due to a lack of advance planning by contracting officials or concerns related to the amount of funds available to the agency. See 41 U.S.C. § 253(f)(5)(A); 48 C.F.R. § 6.301(c); see also Bauch & Lomb, Inc., B- 298444, Sept. 21, 2006, 2006 WL 2711794 (Comp.Gen.).

When HomeSource learned about HUD's new procurement, the Protester contacted HUD to inquire and seek permission to bid on the new procurement. HUD informed HomeSource that HUD was splitting the Ohio/Michigan region in two and that the offerors were only permitted to bid on one state. HomeSource subsequently received an invitation to submit a proposal to provide M&M services in Ohio. HomeSource timely submitted its proposal on January 18, 2008. Subsequently, on or about January 25, 2008, HomeSource learned from other contractors that other offerors were permitted to submit proposals on both the Ohio and Michigan RFPs, and were not limited to one state, as was HomeSource. The partial exclusion of HomeSource from this procurement is arbitrary and capricious and not in accordance with law. Therefore, HUD's action must be overturned by the Court.

**2. HUD is Violating 48 CFR § 15.306**

The Federal Acquisition Regulation ("FAR") provides that, when an agency conducts discussions with one offeror, it must conduct discussions with all offerors whose proposals are determined to be in the competitive range, and it must then allow them to submit revised proposals. See 48 C.F.R. § 15.306(d); see also JWK International Corp. v. United States, 49

Fed.Cl. 371 (2001); Ridoc Enterprises, Inc./Myers Investigative & Security Services, Inc., B- 293045.2, July 26, 2004, 2004 CPD ¶ 153; World Travel Serv., B284155.3, Mar. 26, 2001, 2001 CPD ¶ 68. HomeSource is informed that HUD is having discussions with offerors in this procurement but not with HomeSource. This is a clear violation of the FAR and the Court must enjoin HUD's actions.

**B. HomeSource will Suffer Immediate Irreparable Injury.**

Absent granting of the requested injunctive relief, HomeSource will suffer the loss of the opportunity to perform under the solicitation or to participate in a balanced and equitable procurement process. Many courts have found that plaintiffs would be irreparably injured in the face of much more speculative harms. See Aerolease Long Beach & Satsuma Investment, Inc. v. United States, 31 Fed. Cl. 342 (1994); National Maritime Union of America v. Commander, MSC, 824 F.2d 1228 (D.C. Cir. 1987); O'Donnell Construction Co. v. District of Columbia, 963 F.2d 420 (D.C. Cir. 1992); Varicon International, *et al.* v. Office of Personnel Management, 934 F. Supp. 440 (D.D.C. 1996) (plaintiff would be irreparably injured by the loss of its opportunity to participate in a procurement process free from taint). Clearly, the loss of HomeSource's ability to receive the benefits of its participation in a competitive procurement is an irreparable injury.

**C. The Harm to HomeSource Far Outweighs the Harm to HUD**

In balancing the hardships, the Court must consider whether any harm to HUD is greater than the harm to HomeSource if injunctive relief were to issue. Alion Science and Technology Corp. v. Untied States, 74 Fed. Cl. 372, 376 (2006); Overstreet Elec. Co. v. United States, 47 Fed. Cl. 478, 480 (2001). Clearly here the balance of harms must tilt towards the Plaintiff. The Competition in Contracting Act requires Government agencies to promote full and open

competition in seeking proposals for supplies and services. See 48 C.F.R. § 6.101. HUD has not identified or made any determination that anything other than full and open competition is warranted here and it will not suffer any harm if its partial exclusion of HomeSource is enjoined.

### D. It is in the Public's Interest to Grant the Injunction.

It is beyond a doubt that the public's interest lies in its ability to have faith in the procurement process and for offerors to receive an effective remedy when the Government violates those rules. As the Court of Federal Claims stated in Logicon, Inc. v. United States, 22 Cl. Ct. 776 (1991), the concept of a level playing field is at the heart of the federal procurement system. The public interest will be well-served by granting the injunctive relief that HomeSource seeks. "[T]he public interest in honest, open, and fair competition in the procurement process is compromised whenever an agency abuses its discretion in evaluating a contractor's bid." PGBA, LLC v. The United States, 57 Fed. Cl. 655 (2003).

Permitting the Government to corrupt the competitive process in the fashion it intends and permitting the continuation of a procurement process that is seriously flawed and improperly excludes interested offerors exposes the Government to needless expense, is contrary to statute, and is simply unfair to the Plaintiff; therefore, the Court should immediately enjoin the Government's course of action.

## IV. Conclusion

Plaintiff respectfully requests that the Court issue an order immediately enjoining the Government from taking the actions described above or in the alternative enjoining HUD from conducting a competition for these services without fully including HomeSource. Finally, this Court should award HomeSource its attorneys' fees and costs in bringing this action.

Respectfully submitted,

Date: 1/29/08

Kathy C. Potter

Kathy C. Potter
Benton & Potter, P.C.
2300 M Street, N.W., Suite 800
Washington, D.C. 20037
(202) 416-1660
(202) 330-5487 facsimile

Janine S. Benton
Benton & Potter, PC
150 S. Washington St
Suite 202
Falls Church, VA 22046
(703) 992-9255
(703) 832-0211 facsimile

Counsel for Plaintiff HomeSource Real Estate Asset Services, Inc.